**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2460-18T2

TOWNE GARDENS,

     Plaintiff-Respondent,

v.

VICTORIA HOLMES,

     Defendant-Appellant.

_____

         Submitted January 14, 2020 – Decided February 6, 2020

         Before Judges Hoffman and Firko.

         On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. LT-039287-18.

         Victoria Holmes, appellant pro se.

         Ehrlich, Petriello, Gudin & Plaza, PC, attorneys for respondent (Kevin Girish Desai, on the brief).

PER CURIAM

     Defendant Victoria Holmes appeals from a February 7, 2019 final judgment in plaintiff's favor in the amount of $8256. She argues that plaintiff

did not have legal standing to pursue a summary dispossess action against her for non-payment of rent because plaintiff Towne Gardens was not a bona fide owner of the subject property. After reviewing the record and law, we disagree and affirm the trial court.

I.

The procedural history and the evidence are detailed in the judge's oral opinion, which was entered after a bench trial. For purposes of this opinion, a brief summary will suffice.

Defendant and her family resided at plaintiff's multi-family property in South Orange for more than ten years. Initially, defendant paid $1525 monthly rent based upon a verbal month-to-month agreement. On April 11, 2018, the parties entered into a written lease agreement for the period of June 2018 to May 2019, with monthly rent of $1590.

The lease stated that the landlord was Scotland Park Apartments (SPA) and defendant's rent was payable to South Orange Gardens t/a Scotland Park Apartments. Payments were to be sent to Goldberg Realty Associates (GRA). The record shows that plaintiff owns the premises, SPA is the name of the development located at the premises, and GRA is the management company.

A-2460-18T2

The lease also provided for additional rent, such as late fees, recoupment of legal fees to enforce the lease terms, court fees, and costs.

Defendant abided by the lease terms until May 2018 when she withheld rental payments, citing repairs needed in her apartment dating back to 2016. On July 31, 2018, plaintiff filed its first summary dispossess action pursuant to N.J.S.A. 2A:18-6 due to defendant's non-payment of rent. On September 7, 2018, the prior judge concluded that defendant did not have "a valid basis to withhold [her] rent . . . because [she] [had not] provided the proper notice to the landlord with regards to the condition" of the repairs she wanted done.

However, the prior judge found the lease was invalid because the landlord was listed as SPA, a "doing business as" name, which failed to give defendant adequate notice as to who she was to contact with any issues regarding her tenancy. Accordingly, the prior judge entered a judgment of possession in favor of plaintiff in the amount of $6881, using defendant's pre-lease, month-to-month obligation of $1525, plus filing fees, but excluded late fees. Defendant satisfied the balance owed and her tenancy of the premises was reinstated.

Thereafter, plaintiff sent defendant a new lease to reflect the name of the landlord as Scotland Park, doing business as South Orange Gardens, in an attempt to address defendant's concern. Defendant refused to sign the new lease

3

because of the "totally different name added to it" and different date. In October 2018, she sent a certified letter to GRA advising of her refusal to sign the new lease. In the meantime, defendant's tenancy became subject to a rental increase by virtue of a notice sent by GRA to defendant on August 17, 2017. At that time, with or without the new lease, defendant owed $1590 in rent.

On December 27, 2018, plaintiff filed the summary dispossess complaint under review because defendant withheld three months of rental payments, again citing needed repair work. Defendant challenged plaintiff's standing to evict her from the premises because the prior judge ordered defendant to make her payments to South Orange Gardens, GRA, and SPA, and not plaintiff. Trial was scheduled for January 31, 2019. The new trial judge granted defendant's request to submit a responsive pleading, notwithstanding the limitations set forth in Rule 6:3-4(a).[1] The trial was adjourned to February 5, 2019 to provide the trial judge with the opportunity to review defendant's voluminous submission.

Defendant admitted at trial that she owed back rent, but she refused to pay it because she believed the property was transferred to another person or entity,

---

[1] In relevant part, Rule 6:3-4(a) provides, "No Joinder of Actions. Summary actions between landlord and tenant for the recovery of premises shall not be joined with any other cause of action, nor shall a defendant in such proceedings file a counterclaim or third-party complaint."

thereby rescinding plaintiff's standing. She testified that her "only defense is [plaintiff] . . . [is] a different entity that is asking for the rent from [her] and [plaintiff] [does not] have a valid Registration Certificate in the right name."

Defendant contended that she "never, ever signed a lease . . . with [plaintiff]. [She has] no acknowledgement who [plaintiff] is." Instead, she argued GRA was the real party in interest, and plaintiff sold its interest in the property in 2017, thereby forfeiting its right to pursue her for unpaid rent. Plaintiff's counsel argued the opposite:

> COURT: Okay. But is -- is Towne Gardens the owner of the property, Mr. Gudin?
>
> COUNSEL: Towne Gardens is the owner of the property, Your Honor.
>
> COURT: Okay.
>
> [DEFENDANT]: . . . Your Honor[,] Judge Spencer [the prior judge] ordered me to pay South Orange Gardens, Goldberg Realty. Here are my - - the papers here . . . .
>
>          . . . .
>
> COUNSEL: Judge, we'll take payment to South Orange Gardens. We'll take payment to Goldberg Realty.
>
>          . . . .
>
> COUNSEL: We'll take payment to Towne Gardens.

5

. . . .

>COUNSEL: . . . we'll take a check payable to any of those entities[.]

In addition to explaining the hierarchy of the entities involving the property, plaintiff's counsel elicited testimony from Melissa Pena, the regional property manager of the development. Ms. Pena testified that plaintiff owned the subject premises and GRA was the "management agency." She confirmed that plaintiff's registration with the Department of Community Affairs was valid and listed plaintiff as the owner. Ms. Pena also testified as to the amounts owed by defendant pursuant to the written lease.

Relying upon the argument of counsel, Ms. Pena's testimony, and two deeds from 2008 and 2017,[2] the trial judge found "there's nothing that [defendant] presented to the [c]ourt to show that [plaintiff's interest] transferred out." The judge reasoned:

>The bottom line is this is a nonpayment of rent case and I simply have to make an evaluation of the property based on the credible evidence in front of me. And I'm satisfied by a preponderance of the evidence that everything that was shown to me in no way . . . diminishes the fact that the owner of the property is as set forth in the Deed [as] an owner of the property . . . .

>. . . .

---

[2] The deeds are not included in the record but were referenced during the trial.

> I'm satisfied on the basis of the testimony . . . of the representative, that it is Towne Gardens, Inc. that is . . . an owner of the property and [it has] proceeded with this case.
>
> . . . .
>
> [T]here is no [d]eed that has been presented to me that takes the property out or is conveyed by Towne Gardens to anyone else.

At the conclusion of the trial on February 5, 2019, the judge found that the evidence showed plaintiff owned the property. He entered a judgment of possession in favor of plaintiff in the amount of $8256, inclusive of rent owed and fees.

Defendant moved to vacate the judgment on February 7, 2019, notifying the court that she had a recent deed indicating that plaintiff was not the owner of the property. She claimed the document was in her possession but that "[i]t was mixed up with [her] papers" and she forgot to present it at trial on January 31, 2019. The proffered deed stated that Robert A. Kruvant and Carol K. Pullman (f/k/a Carol R. Kruvant), as co-executors of the Estate of Norman B. Kruvant, transferred 8.33% of the property interest to Hetty S. Kruvant on November 27, 2018. The property was described as being "the same premises conveyed to Towne Gardens, Inc., Norman Kruvant, Philip Kruvant and [three other individuals], as trustees of the Testamentary Trust . . . of Donald Karrakis,

deceased by Deed from South Orange Gardens, Inc. . . . dated May 18, 1975

. . . ."

The judge found it

> [was] a [d]eed between . . . what they're calling the Grantor, who is Robert A. Kruvant and Carol . . . R. Kruvant, as co-executors, and then it lists the percentage of ownership as 8.33 percent ownership of the entirety. And then it says they are donating that percentage, 8.33 percent ownership . . . to [Hetty] S. Kruvant . . . . Again, the Deed sets forth 8.33 percent.
>
> . . . I'm going to assume that the property that they're talking about here[,] that [is] eight percent of it, was deeded to someone else. It is the very same property that the landlord owned, for which [defendant] believes . . . that the property was deeded.
>
> And, now, I'm going to tell her this last time, one more time.
>
>     . . . .
>
> 8.33 percent ownership of a property doesn't relieve the current owner, doesn't eliminate the current owner's right to proceed.
>
>     . . . .
>
> [D]efendant has failed to convince the [c]ourt that [plaintiff transferred] other than [eight] percent of the [d]eed that she showed me.

In addition, the judge found:

At trial, [defendant] produced deeds which showed that a small percentage [(8.5%)] of the interest in the property had been transferred in 2017. The [c]ourt found that notwithstanding such conveyance, based upon the testimony of the parties and all the evidence submitted, [plaintiff] had established that they were entitled to proceed with the tenancy action. On this motion, [defendant] submitted additional evidence . . . which showed that . . . [8.5%] interest in the property was again conveyed in 2019 to another party, and . . . that the new owner was other than [plaintiff] in this case. Neither of those items were conclusive or even persuasive in showing that [plaintiff] was not authorized to proceed with this action. For these reasons, . . . [defendant's] motion is denied.

We denied defendant's application for a stay on February 26, 2019, and the same relief was denied by our Supreme Court on February 27, 2019. Defendant was evicted on February 28, 2019.

On appeal, defendant argues that the trial court erred in entering a judgment of possession because plaintiff had no legal standing to sue. We disagree.

## II.

Our review of the trial judge's decision is guided by well-established legal principles. "Trial court findings are ordinarily not disturbed unless 'they are so wholly unsupportable as to result in a denial of justice,' and are upheld wherever they are 'supported by adequate, substantial and credible evidence.'" Meshinsky

9

v. Nichols Yacht Sales, Inc., 110 N.J. 464, 475 (1988) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974)). We owe particular deference to the judge's evaluation of witness credibility, and to his or her overall feel for the case, which a cold record cannot give us. See Seidman v. Clifton Sav. Bank, 205 N.J. 150, 169 (2011); Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). However, we review the judge's legal interpretations, including construction of contracts, de novo. Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014).

Defendant argues that plaintiff does not own the subject premises and therefore, it cannot collect rent or pursue eviction proceedings. In addition, she argues that she made a sufficient showing that plaintiff is not a legal business entity or listed on the deed as an owner. Defendant did not contest owing rent for October, November and December 2018, or January and February 2019.

Under N.J.S.A. 2A:18-51, an "owner or his duly authorized agent, assignee or grantee may institute and maintain proceedings to recover the possession of the rentals thereof in their own names or in the name of the former agent, in the same manner and with the same effect as though the real estate had been leased in their own names." After our careful review of the record, we are

satisfied that plaintiff owns the property and the trial judge appropriately concluded plaintiff could collect rent and additional rent from defendant.

Having reviewed the record with those principles in mind, we conclude that the trial judge's factual findings are supported by sufficient credible evidence, and based on the facts as he found them to be, he reached the correct result. To the extent we have not addressed defendant's other arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2460-18T2